IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00023-PAB-BNB

FRANK TRPISOVSKY, Derivatively on Behalf of ASPENBIO PHARMA, INC.,

Plaintiff,

v.

GREGORY S. PUSEY,
JEFFREY G. MCGONEGAL,
MARK COLGIN,
DOUGLAS I. HEPLER,
GAIL S. SCHOETTLER,
DARYL J. FAULKNER,
DAIVD E. WELCH,
MICHAEL R. MERSON,
MARK J. RATAIN,
JOHN H. LANDON,
STEPHEN T. LUNDY,
RICHARD G. DONNELLY, and
ROBERT F. CASPARI,

Defendants,

and

ASPENBIO PHARMA, INC., a Colorado corporation,

Nominal Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter arises on the parties' Joint Status Report [Doc. # 38].

I previously stayed this shareholder derivative action pending the outcome of motions to dismiss in two related securities fraud cases--Wolfe v. AspenBio Pharma, Inc., 11-cv-00165-REB-KMT; and Chipman v. AspenBio Pharma, Inc., 11-cv-00163-REB-KMT.  Subsequently,

the district judge entered orders dismissing the two securities fraud cases.  Wolfe, 11-cv-00165-REB-KMT, at Doc. # 51; Chipman, 11-cv-00163-REB-KMT, at Doc. # 32.  The plaintiff in Wolfe has filed a Notice of Appeal in that case.  Wolfe, 11-cv-00165-REB-KMT, at Doc. # 53.

The parties jointly request that I continue the stay of this case pending the outcome of the Wolfe appeal.  That appeal is likely to take months.  Local rule of practice 41.2, D.C.COLO.LCivR, provides that "[a] district judge . . . may direct the clerk to close a civil action administratively subject to reopening for good cause."  In view of the orders dismissing the cases in Wolfe and Chipman and the time required to complete an appeal, administrative closure of this case, rather than a further stay, is appropriate.

I respectfully RECOMMEND that this action be closed administratively subject to reopening for good cause.[1]

Dated October 25, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).